**Affirmed; Opinion Filed February 22, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01210-CV

**RODNEY SHARP AND/OR ALL OTHER OCCUPANTS OF 7501 ASHCREST DRIVE, DALLAS, TEXAS 75249, Appellants**

**V.**

**WOODRIDGE INVESTMENTS, L.P., TEXAS AMERICAN HOME MORTGAGE, WELLS FARGO BANK, N.A. AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2005-OPI, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-OPI, Appellees**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-05996**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Stoddart
Opinion by Justice Stoddart

Appellants Rodney Sharp and/or all other occupants of 7501 Ashcrest Drive, Dallas, Texas

75249 ("Sharp") appeal a summary judgment in favor of appellees Woodridge Investments, L.P.,

Texas American Home Mortgage, and Wells Fargo Bank, N.A. as Trustee for Securitized Asset

Backed Receivables LLC Trust 2005-OPI, Mortgage Pass Through Certificates, Series 2005-OPI.

In a single issue, Sharp argues the trial court erred by granting appellees' traditional motion for

summary judgment. We affirm the trial court's judgment.

Sharp signed a deed of trust to secure a promissory note for a property located at 7501

Ashcrest Drive, Dallas, Texas 75249. H&R Block Mortgage Corporation, the original mortgagor,

transferred the deed of trust and note to Wells Fargo. After Sharp defaulted on the loan, Wells Fargo foreclosed. Wells Fargo bought the property at the foreclosure sale and subsequently sold it to Woodridge Investments. Sharp sued appellees for negligent misrepresentation, violation of the Texas Theft Liability Act, fraud, breach of contract, suit to quiet title, declaratory judgment, and injunctive relief. In his petition, Sharp "contends that the Note and Deed of Trust were not validly assigned to Wells Fargo Bank, N.A. as Trustee of the Securitized Asset backed Receivables LLC Trust 2005-OPI, Mortgage Pass Through Certificates, Series 2005-OPI, and that Wells Fargo had no authority to foreclose." Appellees filed a traditional and no-evidence motion for summary judgment, which the trial court granted. This appeal followed.

We review the grant of summary judgment de novo. *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017). When, as here, a party moves for no-evidence summary judgment, the court "must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i). Thus, to defeat a no-evidence motion for summary judgment, the nonmovant is required to produce more than a scintilla of probative evidence raising a genuine issue of material fact on each challenged element of its claim. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *see also* TEX. R. CIV. P. 166a(i).

Although appellees moved for traditional and no-evidence summary judgment on appellants' claims, the record shows that Sharp, who was represented by counsel, did not respond to the motion. To defeat the no-evidence motion, Sharp needed to file a response and produce summary judgment evidence raising a genuine issue of material fact. *See Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i) ("The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact."). Because Sharp

failed to file a response supported by summary judgment evidence, we conclude the trial court correctly granted the no-evidence motion. *See* TEX. R. CIV. P. 166a(i).

If, as here, the trial court's order does not state the grounds on which it granted summary judgment, we will affirm if any of the theories advanced by the summary judgment movant are meritorious. *Pain Control Inst., Inc. v. GEICO Gen. Ins. Co.*, 447 S.W.3d 893, 897 (Tex. App.— Dallas 2014, no pet.). Because we affirm the trial court's judgment on the ground that it properly granted the no-evidence motion for summary judgment, we need not consider the merits of appellees' traditional motion for summary judgment. We overrule appellants' sole issue and affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

161210F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RODNEY SHARP, Appellant

No. 05-16-01210-CV      V.

WOODRIDGE INVESTMENTS, L.P.,
TEXAS AMERICAN HOME
MORTGAGE, WELLS FARGO BANK,
N.A. AS TRUSTEE FOR SECURITIZED
ASSET BACKED RECEIVABLES LLC
TRUST 2005-OPI, MORTGAGE PASS
THROUGH CERTIFICATES, SERIES
2005-OPI, Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-05996.
Opinion delivered by Justice Stoddart.
Justices Francis and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees WOODRIDGE INVESTMENTS, L.P., TEXAS
AMERICAN HOME MORTGAGE, WELLS FARGO BANK, N.A. AS TRUSTEE FOR
SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2005-OPI, MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2005-OPI recover their costs of this appeal from
appellant RODNEY SHARP.

Judgment entered this 22nd day of February, 2018.